*Ronnie* HURLEY
Petitioner
*vs.*
TO'HAJIILLEE FAMILY COURT
Respondent
*and concerning*
*Jimmy Platero*
Real Party in Interest

In the Supreme Court of the Navajo Nation

No. SC-CV-44-05

August 16, 2005

Katherine LeBlanc, Corrales, New Mexico, for Petitioner.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

A petition for a writ of mandamus requests this Court to compel a family court judge to dismiss a temporary domestic abuse protection order and order to show cause against the Petitioner. We deny the petition.

## I

As this Court does not have the lower court record, the factual statements made by the Petitioner in his Petition are taken as true for purposes of our review. *Cf. Dale Nicholson Trust v. Chavez*, 8 Nav. R. 417, 424 (Nav. Sup. Ct. 2004) (instructing lower courts to take factual statements in complaint as true for purposes of motion to dismiss for lack of subject matter jurisdiction). Real Party in Interest Jimmy Platero (Platero), the Chapter Administrator for To'hajiillee Chapter, filed a petition for a protection order against Petitioner Hurley (Hurley) under the Domestic Abuse Protection Act (DAPA), 9 N.N.C. §§ 1601 *et seq.* (1995). The petition alleges an angry verbal exchange between Hurley and Platero occurring at the Desiderio Center, where Chapter offices are located. The To'hajiillee Family Court issued an ex parte temporary protection order against Hurley, ordering him not to abuse or otherwise communicate with Platero or to go near Platero's residence or employment.

At a hearing on the petition, Hurley's counsel moved to dismiss the petition, arguing it had failed to state a claim. At Hurley's request, the court vacated the temporary order, except for the orders to not abuse Platero and to not go near his residence. Again at Hurley's request, the court also stayed the matter to allow him to file a petition for a writ of mandamus with this Court. Hurley's petition to this Court followed.

## II

The issue in this case is whether there is a plain, speedy and adequate remedy at law for the denial of a motion to dismiss a domestic abuse protection order when the motion is based on a legal interpretation of the scope of the Domestic Abuse Protection Act.

## III

Hurley makes several arguments to justify the issuance of a writ of mandamus. He contends Platero's petition fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Navajo Rules of Civil Procedure. He argues that DAPA does not apply to the facts of this case, and therefore a protection order is improper. According to Hurley, the alleged actions of Hurley are not "domestic abuse" and that Platero is not a "victim" as that term is used in DAPA, especially as Hurley and Platero had no prior relationship before the incident. He also argues that the protection order's restriction on Hurley to not go near Platero's employment violates his civil rights, as the Chapter and Navajo Nation government offices are located near Platero's office, effectively barring his access to governmental services. However, Hurley nowhere mentions a threshold issue: whether there is an available adequate legal remedy removing the necessity for an extraordinary writ.

### A

A writ of mandamus is an extraordinary remedy granted only when necessary.

This Court will refuse to issue a writ when there is a plain, speedy and adequate remedy at law. *In re A.P.*, 8 Nav. R. 671, 676 (Nav. Sup. Ct. 2005).[1] Previous situations for which this Court ruled there was no adequate legal remedy include (1) the denial of a jury trial, *see Eriacho v. Ramah District Court*, 8 Nav. R. 617 (Nav. Sup. Ct. 2005); *Duncan v. Shiprock District Court*, 8 Nav. R. 581 (Nav. Sup. Ct. 2004); (2) denial of a motion to dismiss based on *res judicata*, *Peabody Western Coal Co. v. Navajo Nation Labor Commission*, 8 Nav. R. 313, 321 (Nav. Sup. Ct. 2003); (3) the exclusion of a non-Indian juvenile without a hearing, *In re A.P.*; (4) the grant of child custody without a determination of paternity, *Sombrero v. Honorable Angela Keahnie-Sanford*, 8 Nav. R. 360 (Nav. Sup. Ct. 2003); and (5) the assertion of lower court power allegedly beyond its jurisdiction when the Supreme Court previously denied an appeal, *In re Custody of S.R.T.*, 6 Nav. R. 407, 409 (Nav. Sup. Ct. 1991). Only once has this Court directly denied a writ because of a plain, speedy and adequate legal remedy, where the petitioner requested dismissal of a complaint for failure to state a claim when the lower court had not yet ruled on the matter. *See Yellowhorse v. Window Rock District Court*, 5 Nav. R. 85, 87-88 (Nav. Sup. Ct. 1986).

The key element separating these cases is the potential damage to a litigant that would be irreversible on appeal. The vacating of a denial of a jury trial or *res judicata* on appeal does little to reverse the damage done by conducting a full trial without a jury in the first case or conducting the trial at all in the second case. Further, orders excluding a non-Indian without a hearing or granting a child to someone who has not been established to be the father, though they may be vacated on appeal, the potential damage done to the parties and their families in the interim cannot be undone. On the other hand, the lack of a ruling on a motion for failure to state a claim by the Supreme Court before the lower court makes a ruling, by itself, causes no potential irreversible damage, as the lower court may grant the motion or the Supreme Court may hear an appeal of any denial of the motion. With these considerations in mind, we turn to the present case.

B

The Court will not issue a writ in this case, as there is a plain, speedy and adequate remedy at law. Hurley questions the district court's legal interpretation

[1] In several previous opinions, this Court has suggested that a writ can be issued in our discretion, even when there is a plain, speedy and adequate remedy at law. *See Taylor v. Honorable Evelyn Bradley*, 6 Nav. R. 147, 148 (Nav. Sup. Ct. 1989); *Yellowhorse v. Window Rock District Court*, 5 Nav. R. 85, 87-88 (Nav. Sup. Ct. 1986). We revise our previous statements to clarify that an extraordinary writ is not a substitute for appeal, and therefore the Court will consider a petition only when there is no plain, speedy and adequate remedy at law. This rule maintains the primary role of this Court as an appellate court, *see* 7 N.N.C. § 302 (2005) (defining role of Supreme Court as "Court of final resort"), and respects the role of the lower courts to hear cases in the first instance without this Court's interference, except when necessary to prevent potential irreversible damage to litigants.

of a statute, an issue this Court hears routinely on appeal. Though Hurley makes much of the prohibition on coming to Platero's employment, his own petition states that the family court vacated that prohibition on his request. The remaining part of the order restricting Hurley's movement[2]- staying away from Platero's residence- does not justify an extraordinary writ. Petitioner does not claim that the inability to go near Platero's residence burdens his access to any governmental services or otherwise prevents his free movement within To'hajiillee Chapter. Absent potential irreversible damage to Petitioner, we conclude that disagreements over the legal interpretation of a statute can be resolved through the regular appellate process. As currently postured, this case simply involves competing views on the scope of the Domestic Abuse Protection Act. Petitioner may appeal any adverse decision.

## II

Based on the above, the petition is hereby DENIED.

---

2  This Court assumes this is what the district court ordered in its amendments to the protection order on April 20, 2005, as Hurley included no written order in his attachments to his petition.